## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Thomas Talbert,**
**Petitioner Below, Petitioner**

**FILED**

June 28, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

vs) **No. 12-0798** (Cabell County 07-C-751)

**David Ballard, Warden, Mount Olive Correctional Complex,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Thomas Talbert's *pro se* appeal arises from the Circuit Court of Cabell County, wherein petitioner was denied habeas corpus relief by order entered on June 14, 2012. The State, by counsel Laura Young, filed a response. Petitioner thereafter filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In 2001, petitioner was convicted of third offense of driving under the influence ("DUI") based upon a 1994 DUI conviction and a 1995 DUI conviction. In 2003 and 2006, petitioner was convicted of two more DUI charges. After petitioner was convicted by a jury on the 2006 charge, the State filed a recidivist information against petitioner based on his three felony convictions.[1] A separate jury found that petitioner was a recidivist offender under West Virginia Code § 61-11-18 and, subsequently, the circuit court sentenced petitioner to life in prison, with mercy. Petitioner's direct appeal was denied in 2011. Petitioner thereafter filed for post-conviction habeas corpus relief. Throughout the course of these proceedings, petitioner was appointed several different attorneys and the circuit court held two hearings on petitioner's request for relief. In June of 2012, the circuit court entered its final order denying petitioner post-conviction habeas corpus relief. Petitioner appeals this order.

This Court reviews appeals of circuit court orders denying habeas corpus relief under the following standard:

---

[1]West Virginia Code § 17C-5-2 directs that an individual is guilty of a felony when he or she has committed a third or subsequent offense under the statute. In the current enactment, this provision is outlined in subsection (*l*), whereas in prior enactments, such as the 1996 enactment, this provision is contained in subsection (k).

1

"In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syllabus point 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *State ex rel. Franklin v. McBride*, 226 W.Va. 375, 701 S.E.2d 97 (2009).

First, petitioner argues that the circuit court erred in denying him a proper omnibus evidentiary hearing. Petitioner asserts that he was entitled to another hearing to further discuss arguments from the *Losh* list.[2] Upon our review of the record submitted on appeal, we find no abuse of discretion by the circuit court. The circuit court's order found that petitioner's submissions failed to introduce any evidence that would support granting petitioner's petition for writ of habeas corpus. Our review of the record indicates the same and, therefore, we find no reason for another hearing before the circuit court.

Second, petitioner argues that the circuit court improperly denied him habeas corpus relief because the DUI conviction he received in 1994 was outside of the scope of the statute that directs which prior DUI convictions are used as a basis to determine third offense DUI. Petitioner asserts that the language of the 1996 enactment of West Virginia Code § 17C-5-2(*l*) dictates that the 1994 conviction cannot count toward his 2001 third offense DUI conviction. The language from the 1996 enactment is as follows:

(*l*) For purposes of subject (j) and (k) of this section relating to second, third and subsequent offenses, the following types of convictions shall be regarded as convictions under this section:

(1) Any conviction under the provisions of subsection (a), (b), (c), (d), (e), or (f) of the prior enactment of this section for an offense which occurred on or after the first day of September, one thousand nine hundred eight-one, and prior to the effective date of this section . . . .

W.Va. Code § 17C-5-2 (1996). Petitioner takes the language in subsection (1), "the prior enactment of this section" to mean that, because his 1994 DUI conviction preceded the 1995 enactment of West Virginia Code § 17C-5-2, the 1994 conviction is not a conviction of "the prior enactment" and, therefore, must be disregarded as such. Petitioner argues that, accordingly, his 2001 DUI conviction was actually a second offense DUI, not a third offense.

Upon our review of the record and the language of the prior enactments of West Virginia Code § 17C-5-2, we find no abuse of discretion by the circuit court in denying relief on this ground. In petitioner's appellate brief, he omitted the language that followed "the prior enactment of this section" and, thus, misconstrued the meaning and intent of the 1996 enactment. The DUI statute has been revised multiple times, including in 1995 and 1996. The statute clearly

---

[2]The checklist of grounds typically used in habeas corpus proceedings, commonly known as "the Losh list," originates from *Losh v. McKenzie*, 166 W.Va. 762, 277 S.E.2d 606 (1981).

directs that any prior convictions of the 1995 enactment are inclusive in finding second or third offense DUI if they are based on offenses that "occurred on or after the first day of September [of 1981], and prior to the effective date of [the] section." Accordingly, petitioner's 1994 DUI conviction was based on an offense that occurred within the time frame from September 1, 1981, and the effective date of the 1996 enactment. Consequently, the circuit court did not err in finding that petitioner's 2001 third offense DUI conviction was correctly based on two prior DUI convictions. Therefore, we find no error with petitioner's conviction as a habitual offender based on three convictions of third offense DUI.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** June 28, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II